IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CR-46-D

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| STEVEN DENELL ELLEBY, ) | |
| ) | |
| Defendant. ) | |

On June 6, 2011, pursuant to a plea agreement [D.E. 26], Steven Denell Elleby ("Elleby") pleaded guilty to one count of possession with intent to distribute a quantity of marijuana in violation of 21 U.S.C. § 841(a)(1) and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). See [D.E. 17] 1; [D.E. 24]. On September 8, 2011, the court held Elleby's sentencing hearing. See Sentencing Tr. [D.E. 37]. At the hearing, the court adopted the facts in the Presentence Investigation Report ("PSR") [D.E. 28]. See Sentencing Tr. 5–7; Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Elleby's total offense level to be 10, his criminal history category to be 1, and his advisory guideline range to be 6 to 12 months on count one and 84 months on count two, with the sentences to run consecutively. See Sentencing Tr. 5–9. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Elleby to 96 months' imprisonment. See id. 19–26; [D.E. 31].

On November 24, 2014, Elleby filed a pro se motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines. See [D.E. 38]. On January 12, 2015, Elleby filed a second motion, this time through counsel, for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines. See

[D.E. 40]. Elleby's new advisory guideline range is 0 to 6 months' imprisonment on count one, based on a total offense level of 8 and a criminal history category of I. See Resentencing Report. Count two remains unchanged at 84 months' imprisonment, to run consecutively. See id. Elleby seeks a 6-month sentence on count one. See id. On May 9, 2016, Elleby filed a motion to expedite. See [D.E. 42].

The court has discretion to reduce Elleby's sentence. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010).

In deciding whether to reduce Elleby's sentence, the court finds that Elleby engaged in serious criminal conduct. See PSR ¶¶ 4–7. In fact, during the course of his arrest for his armed drug dealing, Elleby behaved in a shockingly egregious manner. Specifically, Elleby fled from officers seeking to arrest him and engaged in a high-speed chase, at one point attaining speeds of up to 129 miles per hour. See id. ¶ 4. In doing so, he recklessly endangered not only those officers but also the many drivers on the road. See id. Moreover, at one point Elleby rolled down his window and threatened the arresting officers with a firearm. See id. During the chase, Elleby also attempted to destroy evidence by throwing a package of marijuana onto the highway. See id. He then lost control of his car and crashed into another driver. See id. ¶ 5. Elleby continued driving after this accident, eventually throwing a loaded .40 caliber Smith and Wesson and another package of marijuana out of his moving car. See id. Only after traveling an additional twenty miles beyond the scene of the accident did Elleby finally stop. See id.; see also Sentencing Tr. 8–9, 12, 15–18, 19–21.

2

Elleby's post-conviction behavior is mixed. While incarcerated on his federal sentence, Elleby has earned his GED but also has been sanctioned for being insolent to a staff member and for refusing to obey an order. See Resentencing Report; see also [D.E. 38] 2–3; cf. Pepper v. United States, 562 U.S. 476, 491 (2011); U.S.S.G. § 1B1.10, cmt. n.1(B)(iii).

Having reviewed the entire record and all relevant policy statements, the court finds that Elleby received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a) and finds that reducing Elleby's sentence would threaten public safety in light of his serious criminal conduct and misconduct in prison. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Elleby's serious criminal conduct and misconduct in prison do not support reducing Elleby's sentence. Thus, the court denies Elleby's motion for reduction of sentence. See, e.g., Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, Elleby's motions for reduction of sentence [D.E. 38, 40] are DENIED. Elleby's motion to expedite [D.E. 42] is DISMISSED as moot.

SO ORDERED. This _11_ day of May 2016.

JAMES C. DEVER III
Chief United States District Judge

3